Adam Hanson OSB# 123355
Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477
adam@hansonwalgenkim.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **JANA HERDER**, individual<br><br>       Plaintiff,<br> v.<br><br>**HUTCHINS IMPORTED MOTORS, INC**, dba **LITHIA TOYOTA OF SPRINGFIELD**, a domestic corporation,<br><br>       Defendant. | Case No.: 18-cv-00529<br><br>COMPLAINT<br>Truth in Mileage Act (49 USC § 32701) and State Claims.<br><br>Jury Trial Requested |

Ms. Herder, by and through her attorney Adam Hanson, and for her complaint alleges:

## PARTIES

1. Ms. Herder is a resident of Lane County, Oregon.

2. At all times material herein, Defendant Hutchins Imported Motors, Inc, dba Lithia Toyota of Springfield (Lithia) was an Oregon Corporation and an automobile dealership (Dealer Number: DA8284) located on 163 S 9th St, Springfield, OR 97477.

## JURISDITION and VENUE

3. Jurisdiction of this court arises under 49 U.S.C. § 32710 and 28 U.S.C. § 1331 (Federal Question).

4. Jurisdiction and Venue are proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Lithia is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Lithia transacts business in the State and in the District; (iii) upon information and belief Lithia has committed illegal acts in the District by and through their sales and/or have provided defective products to residents of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

5. On, or about, July 13, 2017, Ms. Herder purchased a 1991 Toyota 4Runner (4Runner), VIN:JT3VN39W2M8023744, from Lithia for $10,000.

6. Ms. Herder purchased the 4Runner for personal or household use.

7. Lithia represented the 4Runner as having 157,758 miles, and signed a Secure Odometer Disclosure certifying that the odometer reading is the actual mileage of the vehicle.

8. Lithia showed Ms. Herder a CARFAX vehicle history report indicating an odometer discrepancy but assured her the CARFAX report was inaccurate and the odometer was correct.

/ / /

/ / /

/ / /

9. Lithia did not check either of the boxes that states "The mileage stated is in **EXCESS** of its mechanical limits," or "The odometer reading is **NOT** the actual mileage. **WARNING – ODOMETER DISCREPANCY**" and certified with a signature that the odometer reading of 157,758 miles was the actual mileage of the 4Runner at the time of sale.

> **State of Oregon**
> **SECURE ODOMETER DISCLOSURE/REASSIGNMENT**
> R 7512466
> 56972, V023744, 07/13/2017 01:24 pm
>
> State laws require that you state a vehicle's mileage when there is a transfer of ownership. Failure to complete an odometer or providing a false statement may result in fines and/or imprisonment. Under Oregon law, the offense of submitting a false disclosure is a Class C felony (ORS 815.430).
>
> VEHICLE IDENTIFICATION NUMBER: JT3VN39W2M8023744
> YEAR: 1991
> MAKE: TOYOTA
> STYLE: WG
> MODEL: 4RUNNER
>
> I certify the vehicle described above has been transferred to the following (signature certifies to odometer disclosure and releases interest in the vehicle):
>
> BUYER'S PRINTED NAME: JANA GRACE HERDER
> DATE OF SALE OR TRANSFER: 07/13/2017
> BUYER'S ADDRESS: 2190 NORKENZIE EUGENE OR 97402
>
> ODOMETER READING (NO TENTHS): 157758
>
> SELLER'S PRINTED NAME: LITHIA TOYOTA OF SPRINGFIELD
> SELLER'S PRINTED NAME (IF BUSINESS, PERSON SIGNING FOR BUSINESS): LITHIA TOYOTA OF SPRINGFIELD
> SELLER'S ADDRESS (IF DIFFERENT FROM FRONT OF TITLE): 163 S 9TH SPRINGFIELD OR 97477
> TELEPHONE NUMBER: 541-747-3374
>
> I am aware of the above odometer disclosure made by the seller/agent.
> BUYER'S PRINTED NAME: JANA GRACE HERDER

10. On or about September 17, 2017, the 4Runner experienced catastrophic engine failure and the 4Runner was towed to Capitol Toyota in Salem.

11. Capitol Toyota informed Ms. Herder that there was an odometer discrepancy with the 4Runner and that it would need a new engine.

12. The odometer of the 4Runner was replaced in February of 2000 and the mileage is in excess of what the odometer displays.

---

COMPLAINT – Page 3 of 7

13. The 4Runner was worth far less than what Lithia represented and what Ms. Herder paid because of the odometer discrepancy and severe mechanical problems.

## FIRST CLAIM FOR RELIEF: TRUTH IN MILEAGE (49 USC § 32705)

14. Ms. Herder re-alleges the above paragraphs and incorporates the same herein.

15. Lithia is a transferor within the terms of the Federal Truth in Mileage Act, 49 USC § 32702.

16. When Lithia sold the 4Runner, they knew that the odometer reading differed from actual mileage, and that difference was greater than that caused by odometer calibration error.

17. However, Lithia did not inform the buyer that the odometer mileage was inaccurate.

18. Lithia did not include a statement that the odometer reading did not reflect the actual mileage, and should not have been relied upon.

19. Lithia did not include a warning notice to alert the transferee that a discrepancy existed between the odometer reading and the actual mileage.

20. Lithia did not alert Ms. Herder that the mileage was in excess of what the odometer displayed.

21. Lithia, in making odometer disclosures, gave false statements to a transferee, with intent to defraud, in violation of 49 USC § 32705 and 49 CFR § 580.5.

## SECOND CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICES - ORS § 646.608

22. Ms. Herder re-alleges and incorporates herein all of the above paragraphs.

23. In the course of its business, Lithia represented that the 4Runner had the standard, grade, benefits, and/or qualities of a vehicle in good operating condition

24. The 4Runner was not in good operating condition because the engine completely failed shortly after purchase.

25. In the course of its business, Lithia represented to Ms. Herder that the 4Runner was in original condition with only routine mainenance done.

26. The 4Runner in fact had a replaced instrument cluster with a new odometer as part of a prior repair. This repair was not disclosed.

27. Instead of delivering an unmodified good, Lithia delivered a deteriorated, altered, reconditioned, reclaimed, used, or secondhand good.

28. In the course of its business, and concurrent with tender or delivery of the 4Runner, Lithia failed to disclose that the 4Runner was in need of serious repair, including a new engine.

29. A failing engine is a material defect.

30. In the course of its business, and in conjunction with the sale of the vehicle, Lithia made a representation to Ms. Herder that the 4Runner was in good mechanical condition and had an accurate odometer.

31. The 4Runner was not in good mechanical condition and the odometer had been replaced and was not accurate to this vehicle

32. Lithia's representations were false, incomplete, or Lithia did not have sufficient information upon which a reasonable belief in the truth of the representation could be based.

33. Therefore, Lithia violated the following provisions of the UTPA:

   a. ORS 646.608(1)(e), (g): Misrepresentation of Benefits and Qualities.
   b. ORS 646.608(1)(f): Representing Altered as Original.
   c. ORS 646.608(1)(t), OAR 137-020-0020(3)(o): Failure to Disclose Material Defects.
   d. ORS 646.608(1)(u), OAR 137-020-0020(3)(p): False Representations.

34. Lithia's violations were willful in that Lithia knew or should have known that its above representations were untrue or deceptive.

### Damages

35. As a result of the above alleged actions, Lithia is liable to Ms. Herder for its violations of the Truth in Mileage Act in the sum of three (3) times his actual damages or the minimum statutory damages of $10,000, whichever is greater, plus attorney fees and costs pursuant to 49 USC § 32710.

36. Lithia is also liable for violations of the Unlawful Trade Practices Act and is entitled to equitable relief, or actual damages, plus attorney fees and costs pursuant to ORS 646.638.

### PUNITIVE DAMAGES

37. Ms. Herder requests an award of punitive damages.

### JURY DEMAND

38. Ms. Herder requests trial by jury.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Herder prays judgment be entered against Lithia for:

a) An order declaring that Lithia violated the Truth in Mileage Act and Unlawful Trade Practices Act;

b) An award of statutory damages of $10,000 or three times actual damages, in the amount to be determined by the jury;

c) An order to rescind the contract or in the alternative an award of actual damages;

d) An award of punitive damages to be determined by the jury;

e) 9% pre-judgment interest;

f) An award of reasonable attorney fees and costs; and

g) Any and all other relief the court deems just and equitable.

DATED: March 27, 2018

/s/Adam Hanson
Adam Hanson OSB# 123355
adam@hansonwalgenkim.com
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477
Attorney for Plaintiff