IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**JANA HERDER**,

               Plaintiff,                     **Civ. No. 6:18-cv-00529-MC**

        v.                         **TRIAL MANAGEMENT ORDER**

**HUTCHINS IMPORTED MOTORS, INC.**,

               Defendant.

_____

**MCSHANE, Judge**:

        In addition to the dates and deadlines established at the Rule 16 Conference held on June 5, 2018, the court sets the following additional dates and deadlines:

1.       <u>Pretrial Conference</u>: August 27, 2019 at 9:00 a.m. in Judge McShane's Courtroom #2.

2.       <u>Jury Trial</u>: September 3, 2019 at 9:00 a.m. in Judge McShane's Courtroom #2.  The trial date is a firm date and will be continued only in unusual and unforeseen circumstances.

3.       <u>Pretrial Material Filing Deadlines:</u>

        a.      **30 days before pretrial conference:**

             (1)     Plaintiff's exhibit lists with copies of exhibits to chambers.

(2)    Plaintiff's witness statements including Plaintiff's expert reports if not previously provided.

(3)    Pretrial order unless waived by the parties with leave of the court.

b.    **21 days before pretrial conference:**

(1)    Defendant's exhibit lists with copies of exhibits to chambers.

(2)    Defendant's witness statements including defendant's expert reports if not previously provided.

(3)    All Deposition designations (see deposition procedures below).

(4)    Trial memos. Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 15 pages unless a party seeks leave of the court. The parties may request waiver of trial memos in factually simple cases or in cases where the issues in the case were adequately summarized during motion practice. This practice is encouraged.

(5)    Voir dire questions. Judge McShane requires the attorneys to conduct voir dire.

(6)    Proposed verdict forms.

(7)    Proposed jury instructions. The parties, following conferral, shall identify and submit all agreed upon instructions as "joint" instructions. If the parties disagree as to the form or content of any instruction, each party may submit, in a separate document from the "joint" instructions, alternate proposed instructions along with a brief analysis as to the need for the proposed instruction. Each instruction, including any model instruction,

2 – TRIAL MANAGEMENT ORDER

shall be on a separate sheet of paper citing any relevant authority. Jury instructions and verdict forms are preferably submitted to the court in Microsoft Word. Submissions may be emailed to Charlene_Pew@ord.uscourts.gov.

c.  **14 days before pretrial conference:**

(1)    Motions in limine.  Please do not file motions in limine that are pre-emptive in nature regarding opposing counsel's obligations under the code of professional conduct or the rules of evidence.  Do not file broad requests that are not specific to the evidence in the case (e.g. "motion to preclude hearsay" or "motion to prevent counsel from arguing law in opening statement").

(2)    Objections to exhibits, witnesses, deposition designations, voir dire questions, verdict form, and/or jury instructions. Objections to witnesses and/or exhibits must be specific and complete and must identify the exhibit or witness. Responses to objections must be sufficiently specific to enable the court to provide a ruling.[1]

d.  **7 days before pretrial conference:**

(1)    Responses to motions in limine;

(2)    Responses to objections to exhibits, witnesses, deposition designations, voir dire questions, verdict form, and jury instructions.

---

[1] Example: Plaintiff objects to exhibit 201 (plaintiff's employment application) on grounds of relevance. Plaintiff has stipulated to the effective date of her employment. Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment. This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

3 – TRIAL MANAGEMENT ORDER

4.   <u>Procedures</u>: The original and one copy of all trial documents shall be filed with the court and copies served on all parties in the manner specified. Each item listed should be a separately captioned and stapled document; do not staple different items together. Failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate.

    a.   **Exhibits and Exhibit Lists**: Plaintiff's exhibits should be numbered and listed starting with "1." Defendant's exhibits should be numbered and listed starting with "201." The case number should be printed on each exhibit sticker. If there are multiple parties or more than 200 exhibits per party, contact Charlene Pew, Courtroom Deputy at *541.431.4105* for number assignments. If any exhibit is replaced by a revised version, the replacement exhibit shall be denoted with a letter suffix (e.g., exhibit 101A would replace exhibit 101) or else with a new assigned number. Photographs, charts, and the like will be individually numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists must be complete and reflect all exhibits presented at trial.

Copies of each numbered exhibit shall be supplied to the court and opposing counsel. Original exhibits shall be submitted at the time of trial in compliance with this order. Both the original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs.

Parties must seek leave of court to file supplemental exhibits after the exhibit deadline set forth above unless there is a joint agreement. Any proposed supplemental exhibits must be separately captioned and include a supplemental or revised exhibit list.

4 – TRIAL MANAGEMENT ORDER

      b.    **Witnesses**:

        (1) <u>Lay Witnesses</u>: List all parties, corporate representatives and other witnesses to be called, showing names and occupations if relevant. If the witness will testify consistent with deposition testimony, simply indicate that. If a witness will testify to anything outside of deposition testimony, submit a statement setting forth the complete substance, not just the subject of the testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

        Give a time estimate for the direct testimony of each witness.

        All witnesses are excluded from the courtroom with the exception of expert witnesses.

        (2) <u>Expert Witnesses</u>: Supply a written report of each expert, whether for the case in chief or rebuttal, setting forth the expert's qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. As with lay witnesses, any subject not covered in the expert report will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

        The requirement for filing expert witness statements for purposes of trial does not replace or supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26.  Fact experts, such as a treating physician, may be limited in proffering an opinion on issues outside treatment unless required expert disclosures are made.

      c.      **Accommodating Disabilities**:  Please notify the court in advance of any witnesses, party, or counsel who will need accommodation for any disability.

      d.      **Translators**: The court does not provide translators in civil cases.

      e.      **Depositions**: Deposition transcripts which are intended solely for impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony must be submitted to the court, highlighting those portions sought to be admitted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties with each party highlighting their designations in a different color.

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" and they typically do not go to the jury during deliberations.  Please consider in advance how you wish to present the deposition testimony to the jury; whether through video, proxy witness, or audio recording. The court's clerk is available to sit in as a proxy witness.

**Objections to deposition designations**: Please provide portions of the deposition transcript with objections highlighted in order for the court to rule.  If the court strikes any portion of the deposition, be prepared to remove that portion from the audio or video recording that is to be played to the jury.

5.      <u>Pretrial Conference</u>: During the pretrial conference, be prepared to discuss the following:

      a.      Motions in limine and other objections.

      b.      Anticipated timetable;

      c.      Courtroom presentations: graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player);

6 – TRIAL MANAGEMENT ORDER

      d.       Voir dire questions. While it is the custom in federal court for the judge to conduct voir dire, please note that Judge McShane requires the attorneys to conduct voir dire. The court will provide the jurors with some introductory questions and the attorney will then inquire of all prospective jurors.

      e.       Stipulated facts;

      f.       Other matters that may arise.

6.     <u>Additional Guidance</u>: Please refer to the Trial Court Guidelines for U.S. District Court of Oregon, on the court's website: **www.ord.uscourts.gov/index.php/attorneys/tutorials-and-practice-tips/trial-court-guidelines.**  If you are not familiar with the courtroom's technology, please arrange a tutorial with the courtroom deputy, Charlene Pew, in advance of trial.  You may sit or stand during oral argument or objections, depending on which you are most comfortable. Everyone capable is to stand for the jury when they enter and exit the courtroom, but the court prefers you not to stand when Judge McShane enters and exits.  Young attorneys who are trying to get trial experience my present argument to the court and examine a witness with a senior attorney providing back up (in other words, the court is willing to suspend the "one witness/one attorney rule" in these situations).

IT IS SO ORDERED.

     DATED this <u>10th</u> day of April, 2019.

              _____/s/ Michael J. McShane_____
              **Michael J. McShane**
              **United States District Judge**