Adam Hanson OSB# 123355
Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477
adam@hansonwalgenkim.com
Attorney for Plaintiff

Michael Long, OSB# 762240
Gaydos Churnside & Balthrop PC
440 E Broadway Ste 300
Eugene OR 97401
Tel. (541) 686-1883 || Fax (541) 343-1599
mhlong@oregonlegalteam.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **JANA HERDER**, individual<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**HUTCHINS IMPORTED MOTORS, INC**, **dba LITHIA TOYOTA OF SPRINGFIELD**, a domestic corporation,<br><br>　　　　　　　　　Defendant. | Civ. No. 6:18-cv-00529-MC<br><br>[PROPOSED] PRETRIAL ORDER |

## Nature of Action

1. Plaintiff Jana Herder brings this action against defendant Hutchins Imported Motors, Inc. dba Lithia Toyota of Springfield (Lithia) pursuant to the Truth in Mileage Act (TIMA), 49 USC § 32701 and State Claims. Trial will be to a jury.

## Subject Matter Jurisdiction

2. This court has jurisdiction over the claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. **Facts in Agreement**

4. On, or about, July 13, 2017, Ms. Herder purchased a 1991 Toyota 4Runner (4Runner), VIN:JT3VN39W2M8023744, from Lithia for $10,000.

5. Ms. Herder purchased the 4Runner for personal or household use.

6. During the negotiation of the sale of the vehicle to Ms. Herder, Lithia showed her a CARFAX report for the vehicle which covered the vehicle's mileage history and warned of a, "POTENTIAL ODOMETER ROLLBACK" and a, "MILEAGE INCONSISTENCY.

7. During the negotiation of the sale of the vehicle, Lithia provided a document to Ms. Herder entitled, "Secure Odometer Disclosure/Reassignment" which certified, "to the best of [Lithia's] knowledge," that the odometer reading on the vehicle of 157,758 miles was the actual mileage.

8. The actual mileage of the vehicle at the time of its sale to Ms. Herder was in excess of 157,758 miles.

## Claims and Defenses

## First Claim

9. Plaintiff alleges Lithia violated the TIMA as follows:

   a. as a transferor under TIMA, Lithia failed to disclose the cumulative mileage of the odometer when transferring ownership of a motor vehicle.49 USC § 32705(a)(1)(A).

   b. by making a false statement to a transferee. *Id.*

   c. by failing to disclose that the actual mileage is unknown, if Lithia knows that the

Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477

odometer reading is different from the number of miles the vehicle has actually travelled. 49 USC § 32705(a)(1)(B).

    d. by knowingly selling the vehicle when the odometer reading differed from actual mileage, and that difference was greater than that caused by odometer calibration error. 49 CFR § 580.5(e)(3).

10. Plaintiff further alleges she has suffered damages as a result of Lithia's actions and Lithia is liable for 3 times her actual damages or $10,000, whichever is greater. 49 USC § 32710(a)

### First Defense

11. During the negotiation of the sale of the vehicle, Lithia advised Ms. Herder that the odometer reading on the vehicle showing 157,758 miles was inaccurate and offered to replace the timing belt and water pump as part of the sale. With this information, Ms. Herder accepted Lithia's offer to replace the timing belt and water pump and made her decision to purchase the vehicle "AS-IS" with "NO DEALER WARRANTY" and with knowledge that the odometer mileage of 157,758 was not accurate.

12. By way of the general denial in Lithia's Answer, it is Ms. Herder's burden to prove all damages alleged in the Complaint.

### Second Claim

13. Plaintiff alleges Lithia violated the Oregon Unlawful Trade Practices Act (UTPA), ORS 646.608 et. seq., as follows:

    a. by misrepresenting the condition of the vehicle at the time of sale by not disclosing the mechanical defects to the engine Lithia knew about or should have known about. ORS 646.608(1)(e), (g).

    b. by representing the vehicle was in original condition, outside of normal maintenance

and not disclosing that the instrument cluster had been replaced or altered. ORS 646.608(1)(f).

c. by selling the vehicle with undisclosed material defects including the fact that the engine needed to be replaced which Litha knew or should have known about. ORS 646.608(1)(t), OAR 137-020-0020(3)(o).

d. by making false representations in connection with the sale of the vehicle regarding the odometer reading, odometer replacement, and the need for the engine to be replaced which Lithia knew or should have known about. ORS 646.608(1)(u), OAR 137-020-0020(3)(p)

14. Plaintiff alleges she has suffered actual damages in an amount to be determined by the jury.

15. Plaintiff also seeks punitive damages under ORS 646.638(1), in an amount to be determined by the jury.

## Second Defense

16. During the negotiation of the sale of the vehicle, Lithia advised Ms. Herder that the odometer reading on the vehicle showing 157,758 miles was inaccurate and offered to replace the timing belt and water pump as part of the sale. With this information, Ms. Herder accepted Lithia's offer to replace the timing belt and water pump and made her decision to purchase the vehicle "AS-IS" with "NO DEALER WARRANTY" and with knowledge that the odometer mileage of 157,758 was not accurate.

17. By way of the general denial in Lithia's Answer, it is Ms. Herder's burden to prove all damages alleged in the Complaint.

## Other Legal Issues

18. There are no other legal claims or defenses at this time.

Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477

## Proposed Amendments to the Pleadings

19. There are no proposed amendments to the pleadings.

DATED: August 2, 2019

                    /s/Adam Hanson
                    Adam Hanson, OSB# 123355

                    /s/Michael Long
                    Michael Long, OSB# 762240

**For Court Use Only**

**The foregoing Pretrial Order is:**

\_\_\_ Approved as filed.

\_\_\_ Approved as amended by interlineation and the pleadings are amended accordingly.

        **SO ORDERED this _____ day of _____, 2019.**

                    _____

                    The Honorable Michael J. McShane

                    United States District Court Judge